IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



United States
Southern District Courts
District of Texas
FILED
APR 12 2019
David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| ICON AGENT, LLC, as Security Agent | § § § | |
| Plaintiff, | § § | |
| VS | § § | |
| M/V MOMENTUM SCAN, HER ENGINES, TACKLE, ETC., *IN REM* | § § § | C.A. NO. _____ ADMIRALTY, Rule 9(h) |
| Defendant. | § § § § | |

### ICON AGENT, LLC'S VERIFIED COMPLAINT

Plaintiff, ICON Agent, LLC, as Security Agent for the financial institutions identified particularly in Schedule 1 Part II of Exhibit 1 ("ICON"), files this Complaint pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and shows the following:

### I.    JURISDICTION, VENUE, AND PARTIES

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Supplemental Admiralty Rule C of the Federal Rules of Civil Procedure.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1333 and 46 U.S.C. § 31325(c) and venue is proper in this district pursuant to 28 U.S.C. §1391(b).

3. At all material times, ICON was and is a Delaware limited liability company.

4. The M/V MOMENTUM SCAN, IMO Number 9534432 (the "Vessel"), is a general cargo vessel registered under the flag of the Netherlands and is within the jurisdiction of this Honorable Court.

## II. BACKGROUND FACTS

5. Pursuant to a term loan facility agreement dated December 20, 2016 (the "Loan Agreement") made between (i) CFL Momentum Beheer B.V. ("CFL B.V.") and C.V. CFL Momentum ("CFL C.V.") as borrowers (together "Borrowers"), (ii) Canada Feeder Lines B.V. and CFL Offshore Participations II B.V. as guarantors (together "Guarantors"), (iii) the Financial Institutions listed in Schedule 1 Part II of the Loan Agreement as lenders (collectively "Lenders"), and (iv) ICON as arranger, agent, and security agent for Lenders, Lenders agreed to and did lend to Borrowers the principal sum of US$ 7,400,000 (the "Loan") on the terms and conditions set out in the Loan Agreement, a true and correct copy of which is attached hereto as Exhibit 1.

6. CFL C.V., a limited partnership established under Dutch law, has economic ownership of the Vessel. CFL B.V., a limited liability company formed under Dutch law, is the general partner of CFL C.V. and the legal owner of the Vessel.

7. All amounts due and owing under the Loan Agreement are secured by a Deed of Mortgage on the Vessel dated December 22, 2016 ("the Mortgage") executed by Borrowers in favor of ICON as mortgagee. A true and correct copy of the Mortgage is attached hereto as Exhibit 2. A true and correct copy of the English translation of the Mortgage is attached hereto as Exhibit 3.

8. The Mortgage was recorded with the Office for Cadastre and Public Registers in the Netherlands on December 22, 2016 at 11:50 a.m. A true and correct copy of the extract of the registration dated December 27, 2016 showing the recording of the Mortgage is attached hereto as Exhibit 4. A true and correct copy of a functional English translation of the extract of registration is attached hereto as Exhibit 5.

9. An amendment to the Loan Agreement was entered into on April 4, 2017 by an amendment letter (the "Amendment"). A true and correct copy of the Amendment is attached hereto as Exhibit 6. The Amendment modified certain terms of the Loan Agreement, including the interest payment date. There have been no other amendments to the Loan Agreement.

10. The Mortgage constitutes a valid and perfected foreign preferred mortgage on the Vessel within the meaning of 46 U.S.C. Section 31322 et. seq. The Loan Agreement, Mortgage and the Amendment were duly and validly executed by each of CFL C.V. and CFL B.V.

11. Each of CFL C.V. and CFL B.V. have failed to fulfill their obligations under the Loan Agreement and the Mortgage, and are currently in default. As a result of Borrower's default, ICON, by notice in writing to Borrowers and Guarantors dated August 22, 2017 (the "First Notice"), a true and correct copy of which is attached hereto as Exhibit 7, declared the Loan to be in default.

12. ICON sent additional notices of default to Borrowers and Guarantors on September 15, 2017 (the "Second Notice") and September 4, 2018 (the "Third Notice"). True and correct copies of the Second Notice and the Third Notice are attached hereto as Exhibit 8 and Exhibit 9, respectively.

13. On October 5, 2018, ICON sent an additional notice of default (the "Fourth Notice") to Borrowers and Guarantors. The Fourth Notice constituted an acceleration notice for the purposes of Clause 26.16 of the Loan Agreement and notified Borrowers and Guarantors that the Loan, together with accrued interest (including default interest), and all other amounts accrued or outstanding under the Finance Documents, were immediately due and payable, and demanded that Borrowers and Guarantors immediately repay the Loan. To date those payments have not been made. A true and correct copy of the Fourth Notice is attached hereto as Exhibit 10.

14. As of the date of March 31, 2019, US$ 6,897,851 is due and owing under the Loan Agreement and the Mortgage consisting of US$ 6,619,398 of unpaid principal, US$ 214,763 of interest due under the Loan, US$ 53,691 of default interest, and US$ 10,000 of agency fees. Since March 31, 2019, interest on the Loan has been accruing in the per diem amount of US$ 1,470.98, and default interest has been accruing in the per diem amount of US$ 367.74.

### III. FORECLOSURE OF PREFERRED SHIP MORTGAGE

15. Plaintiff sues the Vessel, her engines, tackle, auxiliary vessels, equipment, furniture, rigging, appurtenances, etc., *in rem*, and repeats and realleges by reference the allegations contained in paragraphs 1–13 as if specifically set forth herein.

16. In consideration of a loan for US$ 7,400,000, each of CFL C.V. and CFL B.V. executed the Loan Agreement whereby they became indebted to Lenders in the principal amount of US$ 7,400,000. The Loan is secured by a Mortgage, naming ICON, the Security Agent for the Lenders, as the mortgagee. The Mortgage was duly and validly executed on December 22, 2016.

17. Borrowers have failed to perform their obligations under the Loan Agreement and the Mortgage, and are in default for failure to pay the Loan pursuant to the Notice.

18. As stated in the First Notice, the Second Notice, the Third Notice, or the Fourth Notice, Borrowers are in default under the terms of the Loan Agreement and the Mortgage for reasons including:

> (a) Clause 20.1 of the Loan Agreement requires the Borrowers to maintain a minimum amount in the specified Earnings Account of US$ 250,000. By failing to maintain this minimum amount, Borrowers have breached this clause.
>
> (b) Clause 24.4(a) of the Loan Agreement obliges Borrowers to ensure that all monies qualifying as Earnings and Requisition Compensation in relation to the Vessel are credited to the specified Earnings Account, unless and until the Agent shall otherwise direct. By establishing an arrangement with their sub-charterer whereby partial hire payments were made to CFL Ship Management B.V's

4

account with Rabobank instead of the Earnings Account, Borrowers have diverted funds from the Earnings Account and breached this clause.

(c) Borrowers have failed to repay the amounts due on the Loan, despite due demand.

19. Additional events of default include

(a) Clause 26.5(b) of the Loan Agreement creates an event of default when a Borrowers' assets are less than their liabilities. Because CFL B.V.'s annual accounts for book year 2017 show that its assets are less than its liabilities, Borrowers have breached this clause.

(b) Pursuant to Clause 25.1 of the Loan Agreement, the Security Value must be greater than or equal to the Security Requirement. Because on March 31, 2019, the principal due was more than the latest valuation of the Vessel, Borrowers have breached this clause.

20. As a result of the aforesaid defaults under the Loan Agreement and the Mortgage, ICON is entitled to assert and foreclose the preferred mortgage lien on the Vessel.

21. Prior to commencement of this action, all acts and things required to be done were accomplished in order to constitute the Mortgage as a preferred ship mortgage within the meaning of the laws of the United States (46 U.S.C. § 31301 *et seq*).

### IV. MARITIME LIEN FOR WAGE ADVANCE

22. Although Borrowers are responsible for the payment of wages and benefits to the crew assigned to the Vessel, Borrowers stopped paying those wages.

23. ICON advanced an amount of at least US$ 88,000 to cover these payments.

24. The Vessel's obligations for wages is a preferred maritime lien within the meaning of 46 U.S.C. §31301(5)(d). One who advances money to pay crew's wages is entitled to a maritime lien of the same rank.

25. By nature of advancing the funds to pay the wages and benefits of the crew, ICON has a maritime lien with the level of priority equal to wage claims in the amount of at least US$ 88,000. ICON became subrogated to the maritime liens held by crew members against the Vessel for seaman wages when ICON paid such wages.

5

## V. PRAYER

WHEREFORE, Plaintiff prays:

1. That process of arrest, in due form of law, according to the course and practice of this Honorable Court in causes of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, may issue against the Vessel and her engines, tackle, apparel, etc., and all other necessaries and equipment belonging and appurtenant thereto, as provided in Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, and that all persons claiming any interest in the Vessel may be cited to appear and answer the matters aforesaid, and that the Vessel, her engines, tackle, apparel, etc., and all other necessaries belonging and appurtenant thereto, may be seized, condemned and sold to pay the demands and claims aforesaid, with interest, costs and attorneys' fees and to pay any other amounts advanced by Plaintiff or required to be paid by the Borrowers to Plaintiff under the Loan Agreement, the Mortgage, and any other agreements related thereto, together with interest, costs and attorneys' fees, and that Plaintiff may have such other and further relief as in law and justice it may be entitled to receive;

2. That the Mortgage executed by Borrowers may be declared to be a valid and subsisting lien upon the Vessel, her engines, tackle, apparel, etc., and all other equipment and necessaries belonging and appurtenant thereto, which to the extent permitted by applicable law is prior and superior to the interest, liens or claims of any and all persons, firms or corporations whatsoever;

3. That the advancement of crew wages by Plaintiff may be declared to be a valid and subsisting lien upon the Vessel, her engines, tackle, apparel, etc., and all other equipment and necessaries belonging and appurtenant thereto, which to the extent permitted by applicable

law is prior and superior to the interest, liens or claims of any and all persons, firms or corporations whatsoever;

4. That it may be decreed that any and all persons, firms and corporations claiming any interest in the Vessel are forever barred and foreclosed from all rights or equities of redemption or claim of, in or to the Vessel, her engines, tackle, apparel, etc., and all other necessaries and equipment belonging and appurtenant thereto and every part thereof;

5. That this Honorable Court shall direct the manner in which actual notice of the commencement of this suit shall be given by Plaintiff to Borrowers or individual in charge of the Vessel; and

6. That judgment be issued against the Vessel, *in rem*, in the full amount due under the Loan Agreement, the Mortgage and any other agreements related thereto at the time the warrant of arrest is issued, plus interest, charges, costs and attorneys' fees, as well as any and all other amounts required to be paid by Borrowers to Plaintiff under the Loan Agreement, the Mortgage and any other agreements related thereto with interest and costs and further, that Plaintiff reserves its right to proceed against Borrowers for any deficiency that may remain due after applying the available proceeds of the sale of the Vessel to the judgment herein, and that Plaintiff have such other and further relief as in law and justice it may be entitled to recover.

Respectfully submitted,

**REED SMITH LLP**

_____
J. James Cooper
Texas Bar No. 04780010
S.D. Tex. Bar No. 2881
Telephone:  (713) 469-3879
Fax:    (713) 469-3899
Email: jcooper@reedsmith.com
*Attorney-in-Charge for ICON Agent LLC*

Michael B. Taylor
Texas Bar No. 24102560
S.D. Tex. Bar No. 2996441
811 Main Street, Suite 1700
Houston, Texas 77002
Email: btaylor@reedsmith.com